THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREEDOM FOUNDATION, a Washington non-profit corporation,<br><br>    Plaintiff,<br>  v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>    Defendant. | CASE NO. C21-5928-JCC<br><br>ORDER |

   This matter comes before the Court on the motion of Washington State Labor Council ("WSLC") to intervene in this action (Dkt. No. 8). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained below.

## I.  BACKGROUND

   In Washington, bargaining units of public employees may democratically choose a union to serve as the unit's exclusive representative for purposes of collective bargaining with the public employer. RCW 41.56.040. Public employers must "provide the exclusive representative reasonable access to new employees of the bargaining unit." RCW 41.56.037.

   On December 21, 2021, Plaintiff Freedom Foundation filed its complaint against several Washington State entities. (*See* Dkt. No. 1.) Plaintiff asserts that Defendants violate its First Amendment rights by permitting the Washington Federation of State Employees ("WFSE")

union to recruit new Labor & Industry ("L&I") employees during orientations, but refusing to allow Plaintiff to present a countervailing viewpoint. (*Id.* at 2.) WSLC, a union organization that represents WFSE, now moves for leave to intervene as a defendant in this action. (Dkt. No. 8 at 1.) Defendants do not oppose the motion, (*Id.* at 1), but Plaintiff does, (Dkt. No. 13.)

## II.    DISCUSSION

### A.    Legal Standard

A movant has a right to intervene under Federal Rule of Civil Procedure 24(a)(2) where (1) the motion is timely, (2) the movant claims a "significantly protectable" interest relating to the property or transaction which is the subject of the action, (3) the movant is situated so that the disposition of the action may as a practical matter impair or impede its ability to protect that interest, and (4) the movant's interest is inadequately represented by the parties to the action. *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (internal quotation marks and citations omitted). In evaluating whether Rule 24(a)(2)'s requirements are met, the Court follows "practical and equitable considerations" and construes the Rule "broadly in favor of proposed intervenors." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir.2002) (internal quotation marks omitted).

### B.  Leave to Intervene

WSLC's motion is timely. The case is at an early stage and there is no prejudice to other parties. *See United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) (discussing such considerations in evaluating timeliness).

Plaintiff argues WSLC "has no cognizable, or even legitimate, interest" in this case because Plaintiff does not seek to *limit* WFSE's right to speak to new employees at orientation, rather, it seeks permission to do the same. (Dkt. No. 13 at 3–4.) But WSLC counters that this argument directly implicates—and could potentially impair—exclusive representatives' special access rights under RCW 41.56.037 (Dkt. No. 14 at 2–3.) The Court agrees. It further adopts WSLC's reasoning that a labor organization's interests are potentially narrower than those of—

and thus inadequately represented by—government defendants. (*Id.* at 4 (citing *Allied Concrete v. Baker*, 904 F3d 1053, 1068 (9th Cir. 2018) (recognizing labor organization's interests can be "potentially more narrow and parochial than the interests of the public at large").) In sum, all four prongs of the applicable test favor WSLC's intervention.

Accordingly, WSLC's motion to intervene (Dkt. No. 8) is GRANTED. The Court DIRECTS Intervenors to file their proposed answer (Dkt. No. 8-2) within ten (10) days.

DATED this 31st day of March 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C20-1746-JCC
PAGE - 3